UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
JOANN WALL,

                Plaintiff,           **MEMORANDUM AND ORDER**
                                          Case No.: 2:21-cv-02354-FB
      -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------x

Appearances:

*For the Plaintiff*:                    *For the Defendant*:
HOWARD D. OLINSKY, ESQ.        BREON PEACE
Olinsky Law Group                  United States Attorney
250 S. Clinton St., Ste 210         271 Cadman Plaza East, 7th Floor
Syracuse, New York 13202         Brooklyn, New York 11201
                                      By: JOSHUA R. SUMNER
                                      Special Assistant U.S. Attorney
                                      Eastern District of New York

**BLOCK, Senior District Judge:**

Joann Wall ("Wall") appeals the Commissioner of Social Security's ("Commissioner") final decision denying his application for Social Security Disability ("SSD") benefits. For the following reasons, Wall's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**I.**

On July 26, 2018, Wall applied for disability insurance benefits. She alleged disability as of February 15, 2017 due to panic disorder, osteoarthritis, thyroid issues, anxiety, and depression. On March 25, 2020, an administrative law judge ("ALJ") held a hearing and found Wall not disabled. The Appeals Council denied Wall's request for review on February 24, 2021, and the ALJ's decision became the final decision of the Commissioner. This action followed.

**II.**

In reviewing a final decision of the Commissioner, a district court must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)). District courts will overturn an ALJ's decision only if the ALJ applied an incorrect legal standard, or if the ALJ's ruling was not supported by substantial evidence. *Id.* (citing *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III.

Remand is warranted here because the ALJ substituted her own judgment of Wall's condition for that of a medical professional. In doing so, the ALJ reached a conclusion that was not supported by substantial evidence.

Wall's treating psychologist, Matthew Pollack, Ph.D. ("Dr. Pollack") opined that Wall had marked limitations in her ability to concentrate, persist or maintain pace, moderate limitations in her ability to understand, remember, apply information, adapt, and self-manage, and mild limitations in her ability to interact with others. The ALJ determined Dr. Pollack's opinion was "unpersuasive" based on a purported inconsistency with the record, since Wall was able to complete basic tasks such as bathing, doing laundry, shopping, and driving.

However, evidence of Wall participating in daily activities does not support a conclusion that she is not disabled. *See Murdaugh v. Sec. of Dep't of HHS of U.S.*, 837 F.2d 99, 102 (2d Cir 1988) (merely because the plaintiff "waters his landlady's garden, occasionally visits friends and is able to get on and off an examination table can scarcely be said to controvert the medical evidence" in proving a disability). There are no elements inherent to these activities that would show that Wall could maintain employment. *See also Polidoro v. Apfel*, 1999 WL 203350, at *8 (S.D.N.Y. April 12, 1999) ("A claimant's participation in the activities of daily living will not rebut his or her subjective statements of pain or impairment unless there is proof that

3

the claimant engaged in those activities for sustained periods of time comparable to those required to hold a ... job.").

Moreover, an ALJ is not permitted to substitute their own judgment of a claimant's condition for that of a medical professional. *See Balsamo v. Chater*, 142 F.3d 75, 91 (2d Cir. 1998) ("[I]t is well-settled that 'the ALJ cannot arbitrarily substitute his own judgment for a competent medical opinion... [H]e is not free to set his own expertise against that of a physician...") (citing *McBrayer v. Sec'y of HHS*, 712 F.2d 795, 799 (2d Cir. 1983)). In evaluating Wall, Dr. Pollack also opined that she likely would be off task for twenty percent of the workday and absent more than four days per month. Nevertheless, because of Wall's ability to dress, bathe, shop, drive, and manage her finances, the ALJ determined that Dr. Pollack overstated the extent of Wall's limitations, and that his findings should not be credited. In doing so, the ALJ replaced a treating source's opinion with her own evaluation of Wall's condition, thereby committing legal error.

Also, an ALJ is not permitted to independently assess whether objective data about the claimant reflect a medical source's opinion. See *Cira v. Comm'r of Soc. Sec.*, 2017 WL 4339480, *9, 2017 U.S. Dist. LEXIS 160991, *25 (E.D.N.Y. Sept. 29, 2017) (quoting *Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y. 1991) ("An ALJ cannot simply "secure raw data from the treating physician" to make his or her own disability decision.")). The ALJ committed this error by using raw data

extracted from the record to discredit Dr. Pollack's opinion. In finding Dr. Pollack's findings to be "unpersuasive," the ALJ references aspects of the record where "the claimant was alert and oriented [. . .], has adequate relationships with her family, goes out to dinner, cook[s], clean[s], shop[s], and was able to attend AA meetings." A.R. 18. In using her own analysis of objective findings to undermine Dr. Pollack's opinion, the ALJ further committed legal error.

In sum, the ALJ reached a decision that is not supported by substantial evidence. Her determinations are based on her own opinion about the extent of Wall's disabilities. She reached these determinations by interpreting raw data from the record, then substituting her own layperson's assessment for that of a treating source. This is error and requires remand. Because it is possible that the ALJ would have found Wall disabled had she properly considered Dr. Pollack's opinion, remand is appropriate. *See Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (deeming remand for rehearing appropriate unless "there is no apparent basis to conclude that a more complete record might support the Commissioner's decision"); *see also Kirkland v. Astrue*, No. 06 CV 4861, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008) (*quoting Butts v. Barnhart*, 388 F. 3d 377, 386 (2d Cir. 2004)) ("[r]emand for additional proceedings is particularly appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, 'further findings would…plainly help to assure the proper disposition of [a] claim.'").

5

## III.

For the aforementioned reasons, Wall's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.


**SO ORDERED.**

      _/S/ Frederic Block_____

      FREDERIC BLOCK
      Senior United States District Judge

Brooklyn, New York
November 21, 2022